**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ABDUL RASHEED, | : | Civ. No. 1:22-CV-1657 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| DALE SABADISH, | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

### I.   Factual Background and Procedural History

The *pro se* plaintiff, Abdul Rasheed, an inmate at the State Correctional Institution, Fayette brings several claims against Eric Sabadish, the elected Prothonotary of the Cumberland County Prothonotary's Office. (Doc. 1). The plaintiff filed this action in October of 2022. (Id., at 1). The complaint alleges that the plaintiff filed a complaint on August 24, 2021 with the Cumberland County Court of Common Pleas alleging negligence against unnamed corrections officers at the State Correctional Institution, Camp Hill ("SCI Camp Hill"). (Id., at 4). The plaintiff alleged in this previous complaint that while he was in the Restricted Housing Unit ("RHU") at SCI Camp Hill, these unnamed corrections officer left the plaintiff's personal property in a cell where other inmates had the ability to access this property, thus leading to its disappearance. (Id.)

In addition to filing this complaint with the Cumberland County Court of Common Pleas, the plaintiff filed an *in forma pauperis* petition with the state court which was denied on August 26, 2021. (Id.) The plaintiff asserts that he received notice of the denial one week later and immediately paid the filing fee. (Id.) He claims that the fee was not docketed until September 7, 2021 at 3:07 p.m. (Id.) However, on that same day at 1:42 P.M., about an hour earlier, judgment was entered against the plaintiff for failing to pay the filing fee. (Id.) The plaintiff further asserts he was never made aware of the judgment by the defendant; rather, he only learned of this judgment by way of a docket entry on September 27, 2021. (Id.) He alleges that he was not sent notice of the judgment against him or a notice of appeal. (Id.) On the day he discovered the docket entry, the plaintiff appealed the judgment against him and the appeal was denied. (Id.)

In the instant case, the plaintiff alleges several claims against Eric Sabadish, the Cumberland County Prothonotary, including denial of access to the courts and denial of equal protection in violation of 42 U.S.C. § 1983, as well as several state law claims. (Id., at 5). The defendant, in response to this action, filed a motion to dismiss the complaint in its entirety for failure to state a claim. (Doc. 14). This motion is fully briefed and ripe for resolution. (Docs. 15, 17). After consideration,

and for the reasons set forth below, we will grant the defendant's motion to dismiss without prejudice.[1]

## II.   <u>Discussion</u>

### A.  <u>Motion to Dismiss - Standard of Review</u>

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), continuing with our opinion in <u>Phillips [v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.---, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

---

[1] However, we note that acceptance of the plaintiff's filing fee *nunc pro tunc* in the underlying state case by the Cumberland County Court of Common Pleas may eliminate this controversy entirely, but that is an issue left to the discretion of the state court.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action, a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id., at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when dismissing a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion

to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by the mere conclusory statements, do not suffice." Id., at 678. Rather in conducting a view of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id., at 679.

Thus, following Twombly and Iqbal, a well-pleaded complaint must contain more than mere legal labels and conclusions; it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's

entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the Court of Appeals has observed:

> The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011), cert. denied,

132 S. Ct. 1861 (2012).

In practice, consideration of the legal sufficiency of a complaint entails a

three-step analysis:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id., at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129

S. Ct. at 1950).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment"). However, the court may not rely on other parts of the record in determining a motion to dismiss, or when determining whether a proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, when presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir.2003); Youse v.

Carlucci, 867 F.Supp. 317, 318 (E.D.Pa.1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

**B. <u>The Defendant's Motion to Dismiss Will Be Granted.</u>**

The plaintiff raises two claims under § 1983—denial of access to the courts and denial of equal protection. (Doc. 1, at 5). The defendant avers that he had no personal involvement in the alleged wrongs, a requirement for any § 1983 claim, and thus, the plaintiff's federal claims fail as a matter of law. (Doc. 15, at 5-6). The plaintiff argues in response that he addressed his legal work to the Cumberland County Prothonotary's Office, of which the defendant is the elected prothonotary. (Doc. 17, at 12-13). However, we conclude that Rasheed has failed to allege facts showing the defendant was personally involved in the conduct alleged in the complaint. Accordingly, the defendant's motion to dismiss these claims will be granted.

It is well established that personal involvement of a defendant in alleged constitutional deprivations is a requirement for § 1983 claims. Padilla v. Beard, 2006 WL 1410079, at *4 (M.D. Pa. 2006). A complaint must sufficiently allege such personal involvement in order to state a claim upon which relief may be granted. Alleging personal involvement at the motion to dismiss stage of litigation requires

that the complaint describe with appropriate particularity "allegations of personal direction or of actual knowledge and acquiescence." Peterson v. Allegheny Cty., 2022 WL 280948, at *53 (W.D. Pa. 2022) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)). Thus, a complaint alleging a § 1983 claim will not be dismissed for failure to allege personal involvement if it adequately states the conduct, time, place, and persons responsible for the alleged unlawful conduct. Evanco v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

With respect to a theory of *respondeat superior*, a supervisor, despite such position, is only vulnerable to liability if he either "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the constitutional harm" or "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." Dinote v. Danberg, 601 F. App'x 127, 131 (3d Cir. 2015). Moreover, *respondeat superior* cannot be the sole basis for any personal involvement assertions underlying a § 1983 action. Rode, 845 F.2d at 1207-08 (3d Cir. 1988).

The plaintiff here is attempting to argue that the defendant was personally involved merely by virtue of his elected position as Cumberland County Prothonotary under a theory of respondeat superior. (Doc. 17, at 13.) However, we are not persuaded by this argument. The plaintiff does not set forth any allegations

to suggest that the defendant established or maintained constitutionally violative policies at the prothonotary's office. Nor does the defendant allege facts which show that Sabadish either directed or acquiesced in any violation of the plaintiff's constitutional rights. Rather, these allegations against Sabadish seem to sound in *respondeat superior*, which as we have explained, cannot be a basis for establishing personal involvement in § 1983 actions.

The plaintiff relies primarily on the fact that he sent his addressed legal documents to the prothonotary's office (Doc. 17, at 12-13), but this is not enough to establish personal involvement of the defendant. Indeed, letters are insufficient to establish liability with respect to personal involvement in a § 1983 case. See e.g., Padilla, 2006 WL 1410079, at *3 (citing Rizzo v. Goode, 423 U.S. 362 (1976)). Moreover, the plaintiff's allegations that he addressed the notice of appeal and other documents to the office of the prothonotary rather than the defendant himself in our view further demonstrates a lack of personal involvement by this particular individual.

Thus, the plaintiff offers only conclusory allegations that somehow the defendant was personally involved solely by virtue of his position as the prothonotary. Despite the mandate that we construe *pro se* complaints liberally, there are no facts in the plaintiff's complaint to suggest that the defendant was personally involved in the unfortunate outcome of the plaintiff's prior litigation. No policy,

practice, or direction is alleged that links the plaintiff's alleged injury with the defendant's conduct. Because the plaintiff did not allege sufficient facts to establish any personal involvement on the defendant's part, these § 1983 claims fail as a matter of law.

Since Rasheed's complaint, in its current form, fails to describe any personal involvement by Defendant Sabadish in the matters set forth in his pleading, the complaint fails as a matter of law and should be dismissed. Yet, while this initial merits analysis calls for dismissal of this action in its current form, acting out of an abundance of caution we will give the plaintiff another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint which sets forth sufficient specific facts to plausibly state a claim of supervisory liability under §1983. We follow this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary because amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Finally, the plaintiff has brought a number of state law claims against the defendant. On this score, we note that the proposed disposition of the plaintiff's federal legal claims, in turn, suggests the appropriate course for the court to follow

in addressing any ancillary state law claims that the plaintiff may wish to pursue against this defendant. In a case such as this, where the jurisdiction of the federal court was premised on alleged federal claims which are found to be subject to dismissal, the proper course generally is for "the court [to] decline to exercise supplemental jurisdiction over the plaintiff's state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-... the district court has dismissed all claims over which it has original jurisdiction."); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (holding that when federal causes of action are dismissed, federal courts should not separately entertain pendent state claims)." Bronson v. White, No. 05-2150, 2007 WL 3033865, *13 (M.D. Pa. Oct. 15, 2007) (Caputo, J.) (adopting report and recommendation dismissing ancillary malpractice claim against dentist); see Ham v. Greer, 269 F. App'x 149, 151 (3d Cir. 2008) (citing United Mine Workers, 383 U.S. at 726 and Tully v. Mott Supermkts., Inc., 540 F.2d 187, 196 (3d Cir. 1976).) ("Because the District Court appropriately dismissed [the inmate's] Bivens claims, no independent basis for federal jurisdiction remains"). As the Supreme Court has aptly observed:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

United Mine Workers, 383 U.S. at 726 (footnotes omitted).

Here, we have found that Rasheed's federal claims against the defendant are subject to dismissal at the outset of this litigation. Therefore, in the exercise of our discretion in this district, we should decline to assert supplemental jurisdiction over potential ancillary state law claims in this case where all potential federal claims brought before us failed as a matter of law. Accordingly, these pendent state law claims will be dismissed without prejudice to the plaintiff attempting to assert these claims in state court.

### III.   __Conclusion__

For the foregoing reasons, the defendant's motion to dismiss (Doc. 14) will be GRANTED, and the plaintiff's claims will be dismissed without prejudice.

An appropriate order follows.


_/s/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge


DATED: April 19, 2023

13