IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDUL RASHEED, | : | Civ. No. 1:22-CV-1657 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| DALE SABADISH, | : | (Magistrate Judge Carlson) |
| | : | |
| **Defendant.** | : | |

### MEMORANDUM OPINION

I. **Factual Background and Procedural History**

The *pro se* plaintiff, Abdul Rasheed, an inmate at the State Correctional Institution, Fayette has brought several claims against Eric Sabadish, the elected Prothonotary of the Cumberland County Prothonotary's Office. (Doc. 1). The plaintiff initially filed this action in October of 2022. (Id., at 1). In his federal pleading, Rasheed alleged that he filed a complaint on August 24, 2021, with the Cumberland County Court of Common Pleas alleging negligence against unnamed corrections officers at the State Correctional Institution, Camp Hill ("SCI Camp Hill"). (Id., at 4). The plaintiff alleged in this previous complaint that while he was in the Restricted Housing Unit ("RHU") at SCI Camp Hill, these unnamed corrections officers left the plaintiff's personal property in a cell where other inmates had the ability to access this property, thus leading to its disappearance. (Id.)

In addition to filing this complaint with the Cumberland County Court of Common Pleas, Rasheed alleged that he filed an *in forma pauperis* petition with the state court which was denied on August 26, 2021. (Id.) The plaintiff asserted that he received notice of the denial one week later and immediately paid the filing fee. (Id.) He claimed that the fee was not docketed until September 7, 2021, at 3:07 p.m. (Id.) However, on that same day at 1:42 P.M., about an hour earlier, judgment was entered against the plaintiff for failing to pay the filing fee. (Id.) The plaintiff further asserted he was never made aware of the judgment by the defendant; rather, he only learned of this judgment by way of a docket entry on September 27, 2021. (Id.) He alleged that he was not sent notice of the judgment against him or a notice of appeal. (Id.) On the day he discovered the docket entry, the plaintiff appealed the judgment against him, and the appeal was denied. (Id.)

On the basis of these averments, Rasheed sued Eric Sabadish, the Cumberland County Prothonotary, under 42 U.S.C. § 1983, alleging that Sabadish denied him access to the courts and violated his right to equal protection. Rasheed also brought a series of state tort claims against the prothonotary. (Id., at 5). The defendant, in turn, filed a motion to dismiss the complaint in its entirety for failure to state a claim. (Doc. 14). Upon consideration, we granted this motion to dismiss but allowed Rasheed leave to file an amended complaint. Rasheed v. Sabadish, No. 1:22-CV-1657, 2023 WL 3010173 (M.D. Pa. Apr. 19, 2023).

After several halting efforts, on July 25, 2023, Rasheed filed a second amended complaint in this case which is the operative pleading in this case. (Doc. 24). This second amended complaint, on its face, appeared to suffer from many of the same deficiencies as Rasheed's initial complaint and on September 25, 2023, Sabadish moved to dismiss this second amended complaint. (Doc. 27).

Rasheed never responded to this motion to dismiss. Accordingly, on December 19, 2023, we entered an order which directed Rasheed to respond to this motion to dismiss on or before January 2, 2024. (Doc. 29). That order also warned Rasheed in clear and precise terms that:

> "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'" Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)). Therefore, a failure to comply with this direction may result in the motion being deemed unopposed and granted.

(Id.)

Despite this explicit instruction, Rasheed has not responded to the motion to dismiss and the time for response has now passed. On these facts, for the reasons set forth below, the motion to dismiss will be GRANTED.

## II. Discussion

### A. Under The Rules of This Court This Motion to Dismiss Should Be Deemed Unopposed and Granted.

At the outset, under the Local Rules of this Court the plaintiff should be deemed to concur in this motion, since the plaintiff has failed to timely oppose the motion or otherwise litigate this case. This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the rules of this Court warrants dismissal of the action, since Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with

the [R]ule after a specific direction to comply from the court.'" Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, at *1 (M.D. Pa. Aug. 26, 2010) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991)). In this case, the plaintiff has not complied with the local rules, or this Court's order, by filing a timely response to this motion. Therefore, these procedural defaults by the plaintiff compel the court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed.R.Civ.P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion ...." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998).

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by the rules when such rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.'" Id. Therefore, we are obliged to ensure that one

5

party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here. In this case, the plaintiff has failed to comply with Local Rule 7.6 by filing a timely response to this motion. This failure now compels us to apply the sanction called for under Rule 7.6 and deem the motion to be unopposed.

## B. **Dismissal of this Case Is Warranted Under Rule 41**.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was

willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion, "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (quoting Briscoe v. Klaus, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." Briscoe, 538 F.3d at 263 (quoting Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Id. (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek, 964 F.2d at 1373). Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the Court of Appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson, 296 F.3d 184; Tillio v. Mendelsohn, 256

F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the failure to respond to this motion is entirely attributable to the plaintiff, who has failed to abide by court orders or submit a brief in opposition to this motion to dismiss.

Similarly, the second Poulis factor— the prejudice to the adversary caused by the failure to abide by court orders—also calls for dismissal of this action. Indeed, this factor—the prejudice suffered by the party seeking sanctions—is entitled to great weight and careful consideration. As the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe, 538 F.3d at 259-60.

In this case, the plaintiff's failure to litigate this claim, or to comply with court orders, now wholly frustrates and delays the resolution of this action. In such instances, the defendant is plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio, 256 F. App'x 509 (failure to timely serve pleadings compels dismissal); Reshard, 256 F. App'x 506 (failure to comply with discovery compels dismissal); Azubuko, 243 F. App'x 728 (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor—the history of dilatoriness on the plaintiff's part—it becomes clear that dismissal of this action is now appropriate. In this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.'" Briscoe, 538 F.3d at 260-61 (quoting Adams, 29 F.3d at 874) (some citations omitted). Here, the plaintiff has failed to comply with court orders or file a brief in opposition to this motion to dismiss as directed. Thus, the plaintiff's conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874.

The fourth Poulis factor—whether the conduct of the party or the attorney was willful or in bad faith—also cuts against the plaintiff in this case. In this setting, we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. Adams, 29 F.3d at 875. At this juncture, when the plaintiff has failed to comply with instructions of the Court, we are compelled to conclude that the plaintiff's actions are not isolated, accidental, or inadvertent but instead reflect an ongoing disregard for this case and the Court's instructions.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe, 538 F.3d at 262-63; Emerson, 296 F.3d at 191. This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior orders and counseling the plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The plaintiff still ignores his responsibilities as a litigant. Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under Poulis, we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, however, consideration of this factor cannot save this particular plaintiff's claims since the plaintiff is now wholly non-compliant with the court's instructions. The plaintiff cannot refuse to comply with court orders which are necessary to allow resolution of the merits of his claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case. Furthermore, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Briscoe, 538 F.3d at 263 (quoting Ware, 322 F.3d at 222; Mindek, 964 F.2d at 1373). Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent dismissal of a case for failure to prosecute.

In any event, we previously concluded that Rasheed's claims against the prothonotary failed as a matter of law but allowed Rasheed leave to file an amended complaint. Rasheed v. Sabadish, No. 1:22-CV-1657, 2023 WL 3010173 (M.D. Pa. Apr. 19, 2023). However, upon review of Rasheed's second amended complaint we find that, on its face, this pleading appears to suffer from many of the same deficiencies as Rasheed's initial complaint. Therefore, these claims appear to fail on their merits, yet another factor which favors dismissal of this complaint. In sum, all of the Poulis factors currently appear to favor dismissal of this complaint since

11

Rasheed had declined to litigate this case, or comply with court orders, and many of his claims fail on their merits.

## III. Conclusion

For the foregoing reasons, the defendant's motion to dismiss, (Doc. 27), will be GRANTED, and the plaintiff's claims will be dismissed.

An appropriate order follows.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: January 4th, 2024